UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
SECURITIES AND EXCHANGE           :
COMMISSION,                       :
                            Plaintiff,  :      13 Civ. 5299 (JPO)
:
             -v-                              :      ORDER
:
CEDRIC CAÑAS MAILLARD and JULIO   :
MARÍN UGEDO                       :
                         Defendants.  :
-------------------------------------------------------------- X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #: _____
DATE FILED: 2/11/2014

J. PAUL OETKEN, District Judge:

On February 7, 2014, the Securities and Exchange Commission ("SEC") submitted a letter to respond to this Court's prior Order (Dkt. No. 3) and show good cause for why service was not performed within 120 days. A redacted version of that letter is attached to this Order. The Court is satisfied that the 120-day limit within Rule 4(m) does not apply to this case.

Every 60 days, starting from the date of this order, the SEC shall update the Court on the status of service under Rule 4(f) until service is completed or the case is otherwise terminated.

SO ORDERED.

Dated: New York, New York
       February 11, 2014

                                                  _____
                                                      J. PAUL OETKEN
                                              United States District Judge



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
CHICAGO REGIONAL OFFICE
SUITE 900
175 WEST JACKSON BLVD.
CHICAGO, ILLINOIS 60604

FRANK D. GOLDMAN   Telephone: 312-886-8521
Senior Attorney   Facsimile: 312-886-8514
Division of Enforcement
Market Abuse Unit

February 7, 2014

<u>Via E-MAIL</u>

The Honorable J. Paul Oetken
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square, Room 2101
New York, NY 10007

Re:   SEC v. Cedric Cañas Maillard, et al., 13-cv-5299

Dear Judge Oetken:

The purpose of this letter is to respond to the Court's Order to Show Cause, entered on January 29, 2014, why the United States Securities & Exchange Commission's ("SEC" or "Commission") cause of action against Cedric Cañas Maillard ("Cañas") and Julio Marín Ugedo ("Marín") (collectively, "Defendants") should not be dismissed for failure to serve Defendants within the 120-day period allotted under Federal Rule of Civil Procedure 4(m). Defendants are both Spanish citizens residing in Spain, and the Commission is attempting to serve them through an internationally accepted method of service as prescribed by Fed. R. Civ. P. 4(f), which is exempt from the time limit imposed by Rule 4(m). Accordingly, the Commission respectfully requests that the Court accept this as good cause for having not served Defendants within 120 days of filing the Complaint.

On July 30, 2014, the Commission filed a Complaint against Defendants in the above-referenced civil action alleging violations of certain provisions of the federal securities laws. After filing the Complaint, the Commission made at least two unsuccessful attempts to request that Defendants waive service of the Summons and Complaint. First, the Commission e-mailed copies of the Complaint and waiver forms to Defendants at e-mail addresses through which the Commission had previously communicated with Defendants; however, Defendants did not respond to the request. Second, the Commission again requested waiver of service by mailing the same documents to Defendants through United Parcel Service ("UPS") at addresses provided to the Commission by Defendants. After several failed deliver attempts, UPS notified the Commission that Defendants had specifically refused to accept delivery of the packages.

      As a result, pursuant to Fed. R. Civ. P. 4(f), the Commission requested that the Spanish Central Authority serve Defendants ▓▓▓▓▓▓▓▓▓▓▓▓▓ with copies of the Summons and Complaint under the Hague Convention.  Rule 4(f) provides, in relevant part, that: "an individual . . . may be served at a place not within any judicial district of the United States:  (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  In its formal request to the Spanish Central Authority, the Commission provided for each Defendant, among other documents, two copies of the Complaint (in both Spanish and English) and two copies of the Summons (in both Spanish and English) stamped by the Clerk of the Court.  The Spanish Central Authority has not yet executed service of the Summons and Complaint on Defendants.

      The 120-day period allotted under Fed. R. Civ. P. 4(m) does not apply to service in a foreign country under Rule 4(f).  *See* Fed. R. Civ. P. 4(m).  Accordingly, the Commission submits that its attempt to serve Defendants under the Hague Convention and pursuant to Fed. R. Civ. P. 4(f) constitutes good cause as to why service was not made within 120 days of filing the Complaint.

      Because Defendants have not filed an appearance in this action, the Commission does not intend to send them a copy of this letter.  However, if the Court would prefer that we provide notice to Defendants, please advise us accordingly and we will e-mail and/or mail them a copy.

      We are available to discuss this matter should you have any questions or require additional information.

                                        Respectfully submitted,

                                                /s/

                                        Frank D. Goldman
                                        Attorney for the Plaintiff